MINERVA LUCE ET AL., Appellants, v. M. J. BARNUM
ET AL., Respondents.

St. Louis Court of Appeals, November 10, 1885.

1. ASSIGNMENT — PARTNERSHIP — FRAUD—FRAUDULENT CONVEYANCES.
—An assignment by an individual, of the assets of a partnership,
firm, for the purpose of holding such assets as his own under the
exemption law is fraudulent as to the creditors of the firm.

2. ——— EQUITY.—A court of equity will set aside such a conveyance
as fraudulent, at the suit of a firm creditor, and will subject the
proceeds thereof in the hands of the assignee to the payment of the
demands of such creditor.

3. ——— JURY—PRACTICE.—Where, under the evidence, there can be
no doubt as to the fact in issue, the verdict of a jury need not be
taken in an equity case.

4. ——— APPELLATE PRACTICE.—In equity proceedings, an appellate
court will review the whole case, and may remand the case with
directions to enter such judgment as the facts in evidence warrant.

APPEAL from the Louisiana Court of Common Pleas,
ELIJAH ROBINSON, Judge.

*Reversed and remanded with directions.*

BIGGS & REYNOLDS, for the appellants: A person
holding himself out as a partner, thereby inducing an-
other to act on his representations, is liable as a part-
ner. 1 Lindley, Part. 48 ; *Campbell v. Hastings*, 29 Ark.
512 ; *Carmichael v. Greer*, 55 Ga. 116 ; *Young v. Smith*,
25 Mo. 341 ; *Re Jewett*, 15 Bank Reg. 126.

MORROW & GRAY, for the respondents.

THOMPSON, J., delivered the opinion of the court.

This is a suit in equity in which two partnership
firms, each claiming to be a creditor of two of the de-
fendants, Margaret J. Barnum and J. Frank Barnum, in
a sum named as the balance due upon an open account,
join as plaintiffs and seek to establish their respective

demands against these two defendants, on the ground that these two defendants were, at the time when the credit was given to them, a partnership firm, trading in the grocery business with the defendant, Joseph S. Barnum, as their agent, under the firm name and style of Barnum & Co. ; and to set aside a pretended deed of assignment made by the defendant, Joseph S. Barnum, to the defendant, William O. Gray, for the benefit of the creditors of Joseph S. Barnum, as having been made to hinder, delay, and defraud the creditors of Margaret J. and J. Frank Barnum, and particularly the plaintiffs.

The plaintiffs allege, as an excuse for not first reducing their respective demands to judgment at law, that the defendant, Margaret J. Barnum, is a married woman, being the wife of the defendant, Joseph S. Barnum ; that her share in the partnership estates of Barnum & Co. was a separate estate, by reason of which fact they are compelled to go into equity to charge the same. They set up that the pretended assignment by Joseph S. Barnum to William O. Gray, will operate to defraud them of the collection of their respective claims, in this, that in the deed of assignment Joseph S. Barnum reserves to himself, as assignor, the exemptions allowed by the statute to the head of a family ; and they aver that the goods assigned by him have been converted into money by the assignee, Gray ; that the amount of the money so realized does not exceed $300, and that unless they have the relief prayed for it will be turned over by Gray to Joseph S. Barnum as property exempt to him under the statute. They pray that their respective demands may be established and made a charge upon the fund in the hands of Gray, and that he be required to pay the same into court, etc. This, without perusing the language of their petition, is its substance.

The answers are a general denial, and a separate answer of Gray, admitting the assignment, denying a knowlege or belief of the facts charged in the petition on which the plaintiffs predicate their right to relief, asserting his good faith in the premises, and stating that

he has disposed of the assigned property under an order of court and holds the proceeds under the trust imposed upon him by the deed of assignment; that all the persons from whom goods were purchased, except the plaintiffs, have acquiesced in the assignment, and that he holds the funds merely as the assignee of Joseph S. Barnum, for distribution under the statute.

No objection was taken on account of a misjoinder of plaintiffs, and we need not consider whether in this regard the suit is appropriately brought under our code of procedure.

At the trial a jury was called, and, after hearing the evidence, the court refused certain instructions asked by the plaintiff, and put certain questions of its own motion to the jury. The refusing of the instructions is relied upon as error; but we need not consider this point, because it is well settled that a court is not bound to give instructions to a jury in an equity case.

The questions which the court submitted to the jury are the following:

"1. Was there a co-partnership existing between Margaret J. Barnum and J. Frank Barnum in the grocery business?

"2. In whose name was the business in controversy conducted?

"3. In whose name was the property in dispute purchased and held while said business was being carried on?

"4. To whom did the said property belong?"

To which the jury returned the following answers: "We, the jury, find upon the issues submitted to us:

"1. That there was not, as the jury may find, a co-partnership existing between Margaret J. Barnum and J. Frank Barnum in the grocery business.

"2. That the business in controversy was conducted in the name of Joseph S. Barnum.

"3. That while said business was being carried on, the property in dispute was purchased and held in the name of Joseph S. Barnum.

" 4. Said property belonged to Joseph S. Barnum."

Objections were filed by the plaintiffs to the rendition of judgment on this verdict, among which we may mention the objection that the jury were required to find whether, as a matter of fact, the defendants, Margaret J. and J. Frank Barnum, were partners, whereas, the plaintiff relied on the fact that they held themselves out to be such with the knowledge and consent of the defendant, Joseph S. Barnum, at the time when the credits were extended to them, as sufficient to establish the plaintiff's demand.

The court overruled these objections and entered judgment for the defendants.

The evidence was overwhelmiug to the effect: (1) That at the time when the respective credits were extended by the plaintiffs to the firm whose business Joseph S. Barnum was conducting, the business was carried on under the firm name of Barnum & Company; that the names, Margaret J. and J. Frank Barnum, were displayed in large letters above the door; that they were held out to the plaintiffs and to the world as the proprietors of the business, and that the credits were in point of fact extended by the plaintiffs to them. (2) That Joseph S. Barnum had previously failed in business and was involved in debt; by reason of which fact he could not carry on business in his own name. (3) That all the money and goods which were employed in the business came from Margaret J. and J. Frank Barnum. (4) That the proprietary name, in which the business was conducted, was Barnum & Co. This being the state of the proof, whether among themselves Margaret J. and J. Frank Barnum, or Joseph S. Barnum, was the owner of the business, was not a material question.

The record discloses a kind of jugglery with creditors which the law does not tolerate. A man is not allowed to get credit in one character and make an assignment in another character. He can not deal as a partnership, whose funds are all subject to execution, and make an assignment ostensibly for his creditors as

an individual, so as to reserve from execution the property or its proceeds, which he has realized from credits extended to him as a partnership. Nor can it be doubted that if a party makes a fraudulent transfer of property for the purpose of putting it in such a form that it will be exempt from execution, his creditors may reach the same in the hands of the fraudulent purchaser and apply the proceeds to their demands. *Comstock v. Bechtel*, 24 N. W. Rep. 465.

There was plainly nothing in the case which required the judge, sitting as a chancellor, to take the verdict of a jury in order to inform his conscience. A judge ought not to have any doubt as to what conclusion should be drawn from such evidence. If it were an action at law, the verdict would have to be set aside as against the evidence. For stronger reasons, such a verdict ought not to afford the basis of a decree in equity, where, although the judge is at liberty to take the verdict of a jury upon the fact, he is not bound by it, even where the evidence is conflicting.

Upon an appeal in an equity proceeding, we are possessed of the whole case, both in respect of the facts and the law, and, within certain limits, have power to deal with it as chancellors. Exercising this power, we find from the evidence in the record that the defendants, Margaret J. Barnum and J. Frank Barnum, were partners in the grocery business at Louisiana, Missouri, in the years 1882 and 1883 ; that, while so trading as partners, they became indebted to the plaintiffs, Luce & Murray, and remained indebted to them on the 19th day of February, 1883, in the sum of $189.85 ; that, while so trading as partners, they became indebted to the plaintiffs, Jordan, Estes & Patrick, and remained so indebted to them on the 5th day of February, 1883, in the sum of $71.80 ; that the assignment made by the defendant, Joseph S. Barnum to the defendant, William O. Gray, in March, 1883, purporting to be an assignment of the assets of said Joseph S. Barnum, was in point of fact, a conveyance of the partnership assets of the said firm of

Barnum & Co., composed of the defendants, Margaret J. Barnum and J. Frank Barnum, and was made with the design to hinder, delay, and defraud the creditors of the said firm, and particularly the plaintiffs.

We are, therefore, of the opinion that the said conveyance ought to be set aside and that the defendant, William O. Gray, ought to be required to pay into court the moneys held by him as the proceeds of the sale of the property so conveyed to him, or so much thereof as may be necessary to satisfy the respective demands of the plaintiffs, together with interest from the date of the beginning of this suit, and also the costs; that if there be not enough to satiify such demands in full, then that the moneys so paid into court ought to be applied to the satisfaction of them *pro rata;* and that if such funds be not sufficient to satisfy the respective demands of the plaintiffs and also the costs, plaintiffs should recover of the defendants, Joseph S. Barnum, J. Frank Barnum and William O. Gray, the costs of this proceeding, and have execution therefor.

It is ordered that the judgment of the circuit court be reversed and the cause remanded with directions to enter a decree for the plaintiffs in conformity with this opinion. All the judges concnr.